**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**GRE'SHAY SESSION,**

    **Plaintiff,**

**vs.**                                                    **CASE NO.:**

**THE ARC OF PUTNAM
COUNTY, INC.,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff GRE'SHAY SESSION ("Plaintiff"), sues the Defendant THE ARC OF PUTNAM COUNTY, INC. ("Defendant"), and in support thereof states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq*. ("FCRA"), the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. 12101, *et seq.,* to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

2. Plaintiff brings a claim for discrimination and retaliation against Defendant, who subjected Plaintiff to workplace discrimination and retaliation because of

her medical condition.

3. Plaintiff was wrongfully terminated as the culmination of discrimination and retaliation against her.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 with federal questions involving the ADAAA and 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, pursuant to 28 U.S.C. § 2201 et seq., and the FCRA, 28 U.S.C. §1367, because at all times material to this Complaint, Plaintiff worked for Defendant in Putnam County, Florida.

5. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Putnam County, Florida.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 6, 2019.

7. On February 6, 2020, the EEOC issued its right-to-sue letter. Therefore this Complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

## PARTIES

8. Plaintiff is an adult individual who resides in Palatka, Putnam County, Florida.

9. Plaintiff worked for Defendant as a Community Residential Facilitator ("CRF1").

10. Defendant THE ARC OF PUTNAM COUNTY, INC. is and was, at all relevant times, operating in Putnam County, Florida, and is within the jurisdiction of this

Court. Therefore, venue is proper in this Court.

11. At all times material to this action, Defendant was and continues to be a Florida Not For Profit Corporation.

12. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

13. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

14. At all times material to this action, Defendant was, and continues to be an "employer" within the meaning of the ADA.

## GENERAL ALLEGATIONS

15. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's federally protected rights.

16. Plaintiff retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

17. Plaintiff suffers from diabetes, a disabling condition under the ADAA.

18. On or about March 5, 2018 through May 4, 2018, Plaintiff requested and was granted FMLA leave because of an accident that left her unable to use her left hand.

19. Because of her diabetes condition, Plaintiff hand injury exacerbated her injury and the recovery process.

20. Upon Plaintiff's return from FMLA leave, Plaintiff learned that she had been demoted from a full-time CRF1 position, to the position of Community Living Facilitator ("CLF1") and made part-time.

21. Not only did Plaintiff lose her position upon her return from FMLA leave, she was also made part-time, which caused Plaintiff to lose benefits, including her much needed employer sponsored health insurance.

22. Plaintiff complained about her position change and stated that she was being discriminated against because she had taken FMLA leave and because of her diabetes.

23. What's more, a short later, Plaintiff's work status changed again; this time from part-time to a fill-in position.

24. In this fill-in role, Plaintiff still had no health insurance and her hours were reduced even further as she now worked on an as needed basis.

25. Plaintiff again complained about the continued discrimination she was experiencing as a result of her having taken FMLA leave and because she suffered from diabetes.

26. Plaintiff had no performance or disciplinary issues prior to her FMLA leave.

27. The only explanation Plaintiff received from Defendant regarding its decision to demote and reduce her hours was from her supervisor who stated that Plaintiff had been out of work too often because of her diabetes.

28. Thus, Defendant's decision to change Plaintiff's position upon her return from FMLA leave; and to reduce her hours, was because of Plaintiff's FMLA leave and her disability.

29. Later, Defendant offered Plaintiff a full-time position that would have required Plaintiff to have to lift more patients by herself.

30. Because of her diabetes and inability to do heavy lifting alone, Plaintiff

requested an accommodation to have another employee assist Plaintiff with the lifting of the patients but Defendant refused.

31. Plaintiff's request for an accommodation would not have created an undue hardship for Defendant as others have employees assist with the lifting of patients.

32. Plaintiff was later placed on inactive status which had the effect of terminating her employment with Defendant.

33. Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

34. Plaintiff seeks all available remedies including but not limited to a declaration from this Court that Defendant has violated the FMLA and ADAA; an order awarding lost wages, benefits and other compensation; an order awarding all actual monetary losses suffered as a result of Defendant's conduct, as well as liquidated damages, per se and post judgment interest and her attorneys' fees and costs.

## **COUNT I –DISCRIMINATION UNDER THE ADAAA**

35. Plaintiff realleges and adopts the allegations of paragraphs 1-34 above as if fully set forth herein.

36. Plaintiff was a qualified individual with a disability.

37. Plaintiff was perceived as disabled by Defendant.

38. Defendant was Plaintiff's employer as defined by the ADAAA.

39. Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the ADAAA.

40. Defendant discriminated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendant of her actual and/or perceived disability.

41. Defendant had actual or constructive knowledge of the discriminatory conduct.

42. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

43. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

44. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

45. Defendant's violations of the ADAAA were willful.

46. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Declaratory judgment that Defendant's practices violate the ADAAA;

h. Costs and attorney's fees; and

i. Such other relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FCRA

47. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-34.

48. Plaintiff is a member of a protected class due to her disability/handicap or perceived disability/handicap.

49. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her disability/handicap or perceived disability/handicap in violation of the FCRA.

50. Defendant knew or should have known of the discrimination.

51. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## FMLA INTERFERENCE

52. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-34.

53. Plaintiff was an employee entitled to the protection of the FMLA.

54. Defendant was Plaintiff's employer as defined by the FMLA.

55. Defendant's actions interfered with Plaintiff's lawful exercise of her rights under the FMLA.

56. The Defendant's actions constitute violations of the FMLA.

57. Defendant's violations of the FMLA were willful.

58. As a result of Defendant's unlawful actions, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

59. Plaintiff is entitled to recover her attorneys' fees and costs.

WHEREFORE, Plaintiff, GRE'SHAY SESSION, demands judgment against Defendant back pay and benefits, Interests, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, punitive damages, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV
## RETALIATION IN VIOLATION OF DISCRIMINATION UNDER ADAAA

60. Plaintiff realleges and adopts the allegations of paragraphs 1-34 above as if fully set forth herein.

61. Plaintiff requested an accommodation under the ADAAA.

62. Plaintiff engaged in protected activity when she requested an accommodation under the ADAAA.

63. Plaintiff also complained about Defendant's discriminatory treatment of her because of her disability.

64. Indeed, Plaintiff complained both to Human Resources and by filing a Charge of Discrimination with the EEOC.

65. Plaintiff was terminated in retaliation for complaining about her disability and for requesting an accommodation under the ADAAA.

66. This retaliation resulted in Plaintiff's termination.

67. By the conduct described above, Defendant retaliated against Plaintiff because she engaged in protected activities in violation of the ADAAA.

68. Defendant knew, or should have known; of the retaliation that Plaintiff was subjected.

69. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE,** Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages;

e. Damages for mental anguish and emotional distress;

f. Injunctive relief;

g. Prejudgment interest;

h. Declaratory judgment that Defendant's practices violate the ADAAA;

i. Costs and attorney's fees; and

j. Such other relief as the Court may deem just and proper.

## COUNT V - FMLA RETALIATION

70. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1 - 28.

71. Plaintiff was an employee entitled to the protection of the FMLA.

72. Defendant was Plaintiff's employer as defined by the FMLA.

73. Defendant discriminated and/or retaliated against Plaintiff for asserting her Rights under the FMLA.

74. Defendant had actual or constructive knowledge of the discriminatory and/or retaliatory conduct of Plaintiff's supervisor.

75. Defendant's actions constitute violations of the FMLA.

76. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

77. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave.

78. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

79. As a result of Defendant's actions, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

80. Defendant's violations of the FMLA were willful.

81. Plaintiff is entitled to recover her attorneys' fees and costs.

WHEREFORE, Plaintiff, GRE'SHAY SESSION, demands judgment against Defendant back pay and benefits, Interests, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, punitive damages, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VI
## RETALIATION IN VIOLATION OF THE FCRA

82. Plaintiff re-alleges and adopts paragraphs 1 – 34 as though set forth fully herein.

83. Plaintiff is a member of a protected class under the FCRA because she engaged in protective activities.

84. Plaintiff engaged in protected activity when she complained to Human Resources and by filing a Charge of Discrimination with the EEOC about being treated differently because of her disability/handicap and discrimination that she experienced.

85. Plaintiff also engaged in protected activity when she filed her charge of discrimination against Defendant.

86. This retaliation resulted in Plaintiff's termination.

87. By the conduct described above, Defendant treated Plaintiff differently than her non-disabled co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of the FCRA.

88. Defendant knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected.

89. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted on this 27th day of March, 2020.

           **s/ ANTHONY J. HALL**
           **Anthony J. Hall, Esq.**
           Florida Bar No.: 40924
           Morgan & Morgan, P.A.
           20 N. Orange Ave., 16th Floor
           Orlando, FL 32801
           MAILING: P.O. Box: 530244
           Atlanta, GA 30353-0244
           Direct Tel.: (407) 418 2079
           Facsimile: (407) 245-3390
           Email: ahall@forthepeople.com
           Counsel for Plaintiff